**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MEGHAN YOUNG, *individually and on behalf of all others similarly situated*,** | **Civil Case Number:** |
| **Plaintiff,** | **CIVIL ACTION** |
| **–v–** | **COMPLAINT** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | **AND** **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## INTRODUCTION

1.      Experian is a consumer reporting agency that has been wrongfully reporting that foreclosure proceedings started on a property years after said property was paid off - a fact that Experian has been noting since 2021. Experian includes this logically inconsistent information because it does not have adequate policies and procedures in place to ensure that it prevents such logical inconsistencies, like reporting that foreclosure proceedings starting on properties no longer associated with a consumer.

2.      As the Consumer Financial Protection Bureau recently addressed, "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is not using reasonable procedures to assure maximum possible accuracy."[1] The purpose of this opinion was to "highlight that the legal requirement to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individuals about whom the reports

---

[1] Consumer Financial Protection Bureau, *Advisory Opinion on Fair Credit Reporting; Facially False Data*,

relate includes, but is not limited to, procedures to screen for and eliminate logical inconsistencies to avoid including facially false data in consumer reports." *Id*. and procedures required to meet its FCRA accuracy obligations.

3.      Plaintiff, Meghan Young ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") has negligently and recklessly disseminated false and logically inconsistent information regarding the Plaintiff's credit.

4.      Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and the proposed class, and that Experian failed to investigate the credit report inaccuracies in response to Plaintiff's dispute.

5.      Plaintiff, individually and on behalf of the Class members, seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

6.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  All defendants regularly conduct business within the State of New Jersey and violated Plaintiff's rights under the FCRA in the State of New Jersey as alleged more fully below.

7.      Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conducts business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

8.      Plaintiff, Meghan Young ("Plaintiff"), is a resident of Manahawkin, New Jersey and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.      Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10.     Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

11.     On or about February 16, 2023, Plaintiff reached out to a broker in an attempt to get qualified for a mortgage.

12.     After pulling her report with the credit bureaus, including Experian, Plaintiff was denied any ability to obtain a mortgage because Experian was reporting that 1st Gateway Mortgage initiated foreclosure proceedings against her in March of 2023.

13.     Said information was surprising and inaccurate because Plaintiff was not in foreclosure.

14.     In fact, Plaintiff did not have a relationship with 1st Gateway Mortgage in nearly two years, ever since her mortgage had been paid off.

15.     Experian knew all this, since Experian had accurately reported since June 2021 that Plaintiff completely paid off her mortgage with 1st Gateway.

16.     However, Experian nevertheless updated the reporting in March of 2023 to report that - despite being paid off - a foreclosure proceeding was being started against Plaintiff on this

loan.

17.    Shortly thereafter, Plaintiff downloaded her Equifax and Experian credit reports for review. Equifax accurately reflected her 1st Gateway as paid off in June 2021 with no further reporting, while Experian (as noted above) reported as paid off in July of 2021 while also updating her report with as "FS" marking in March of 2023.

18.    According to Experian's glossary, FS stands for "Foreclosure proceedings started."

19.    This information is thus inaccurate, misleading, and logically inconsistent.

20.    Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

21.    Upon information and belief, Experian fails to have such reasonable procedures, as it allows for inaccurate and damaging logical inconsistencies to appear on consumers' reports; namely, that consumers have a "foreclosure proceedings started" months (and/or years) after paying off their mortgage.

22.    These injuries are particularized and concrete, rendering the recovery of class statutory damages ideal and appropriate.

23.    At all times pertinent hereto, Experian's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

24.    As a direct and proximate result of the Defendant Experian's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff

and the Class members have been harmed in their daily lives.

25.     As a direct and proximate result of the Furnisher Defendants' willful and/or negligent refusal to adequately investigate Plaintiff's dispute as mandated by the FCRA, Plaintiff has further been harmed in her daily life.

26.     For example, the Plaintiff was unable to get a mortgage as a result of the Defendant's inaccurate reporting of these derogatory accounts, causing the Plaintiff to sustain monetary damages, and has had false derogatory information regarding her credit and creditworthiness wrongfully disseminated to third parties.

27.     Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' defamatory actions.

28.     Upon information and belief, the Class members have suffered similar harm.

## CLASS ALLEGATIONS

29.     Plaintiff brings Count I of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated.

30.     The Class consists of: All natural persons residing in the United States on whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, Experian furnished a credit report containing a "foreclosure proceedings started" status on a mortgage account that had previously been reported as paid off.

31.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

32.     Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their

claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

33.    **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

34.    **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a.    Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling reports containing logically inconsistent pay statuses;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

35.    **Typicality**. Plaintiff's claims are typical of the claims of each Class member.

Plaintiff have the same claims for statutory and punitive damages that they seek for absent class members.

36.    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

37.    **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

38.    Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the

class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

**<u>COUNT I</u>**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15  U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

39.    All preceding paragraphs are realleged.

40.    Plaintiff brings this claim individually and on behalf of all others similarly situated.

41.    Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

42.    Accordingly, Experian was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent facially evident logical inconsistencies.

43.     However, Experian failed to do so.

44.    Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report logically inconsistent information like late or negative payment statuses on accounts that had previously been included in the Plaintiff's and the Class members' bankruptcy filings.

45.    Moreover, if Experian were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this inaccurate and logically inconsistent information from being reported in the first place.

46.    As a direct and proximate result of Experian's willful and/or negligent failure to

follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## **DEMAND FOR TRIAL BY JURY**

47.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A.  Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B.  Awarding Plaintiff and the Class statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

C.  Awarding Plaintiff and the Class the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

E.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:     June 15, 2023

By: */s/ Yitzchak Zelman, Esq.*
    Yitzchak Zelman, Esq.
    Yzelman@MarcusZelman.com
    701 Cookman Avenue, Suite 300
    Asbury Park, New Jersey 07712
    Tel: (732) 695-3282
    Fax: (732) 298-6256

    ATTORNEYS FOR PLAINTIFF