**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGHAN YOUNG, *individually and on behalf of all others similarly situated*,<br><br>                Plaintiff,<br><br>                v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                Defendant. | Civil Action No. 23-3312 (MAS)(RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon a Motion to Compel Arbitration and Stay Proceedings ("Motion") filed by Defendant Experian Information Solutions, Inc. ("Experian"). (ECF No. 8.) Meghan Young, individually, and on behalf of all others similarly situated ("Plaintiff") opposed the Motion (ECF No. 9), and Experian replied (ECF No. 10). For the following reasons, Experian's Motion is **DENIED WITHOUT PREJUDICE**.

**I.**      **PROCEDURAL AND FACTUAL BACKGROUND**

      Plaintiff initiated this action by filing a Complaint ("Compl.") against Experian for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Compl. ¶ 3, ECF No. 1.) The Complaint recites the following facts:

      Experian is a credit reporting agency ("CRA") that assembles, evaluates, and disperses credit reports for its customers. (*Id.* ¶ 9.) On February 16, 2023, Plaintiff contacted a broker to receive a qualified mortgage. (*Id.* ¶ 11.) After reviewing Plaintiff's report from various credit

bureaus, Plaintiff was denied a mortgage because Experian reported that Gateway Mortgage had initiated foreclosure proceedings against her in March 2023. (*Id.* ¶ 12.) Shortly thereafter, Plaintiff downloaded her credit reports from both Equifax and Experian. (*Id.* ¶ 17.) Both credit reports indicated that her mortgage with Gateway Mortgage was paid off; however, the Equifax report correctly confirmed that her mortgage was paid off as of June 2021, while Experian reported the mortgage as paid off, but flagged her report with an "FS" as of March 2023. (*Id.* ¶ 17.) Experian's glossary indicates that FS stands for "[f]oreclosure proceedings started." (*Id.* ¶ 18.) This information was false; Plaintiff was not in foreclosure and her mortgage with Gateway Mortgage was paid off two years prior. (*Id.* ¶¶ 13-14.)

In her Complaint, Plaintiff claims that Experian (1) willfully and/or negligently refused to assure the accuracy of credit reports as prescribed under section 1681e(b) of the FCRA; (2) failed to prevent "inaccurate and damaging logical inconsistencies [from appearing] on consumers' reports"; and (3) willfully and/or negligently disregarded consumer's rights as set forth under section 1681e of the FCRA. (*Id.* ¶¶ 21, 23-24.) Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of herself, and all others similarly situated whom, beginning two years prior to the filing of this Complaint, "Experian furnished a credit report containing a 'foreclosure proceedings started' status on a mortgage account that previously [been] reported as paid off." (*Id.* ¶¶ 29-30.) Plaintiff's Complaint brings one Count for violations of the FCRA, 15 U.S.C. § 1681e(b). (*Id.* ¶¶ 39-46.)

On July 24, 2023, Experian responded to the Complaint with a Motion to Compel Arbitration. (ECF No. 8.) Defendant seeks to compel Plaintiff to arbitration based upon an arbitration agreement that she allegedly agreed to when she created an online account with "CreditWorks." (*See* Decl. of David Williams ["Williams Decl."] in Supp. of Def.'s Mot. to

2

Compel ¶ 3, ¶ 6, ECF No. 8-2.) To enroll with CreditWorks, Plaintiff was required to complete a single webform where she provided her personal information, including her name, address, and email address. (*Id.* ¶ 3.) After entering her personal information, Plaintiff had to click a "Create an Account" button on the webform. (*Id.*) Immediately following the boxes to enter Plaintiff's email and password, however, was the following disclosure: "By clicking 'Create Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy and Ad Targeting Policy." (*Id.*) The "Terms of Use Agreement" in the disclosure was "off-set in blue text, and, if clicked, would have presented the consumer with the full text agreement." (*Id.* ¶ 4.) Within the Terms of Use was the subject arbitration provision that would require Plaintiff to "litigate, among other things, all claims against 'ECS' [Experian Consumer Services] that 'relate to' or 'arise out of' her membership in arbitration." (*Id.* ¶ 6.) ECS is defined in the contract to include its "parent entities, subsidiaries, [and] affiliates." (*Id.*) Experian alleges that CreditWorks fits within the terms as an "affiliate" of ECS. (*Id.*)

**II.     LEGAL STANDARD**

Before compelling arbitration pursuant to the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009).

In determining whether a valid arbitration agreement exists, a court must decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). The Third Circuit in *Guidotti* set forth further guidance as to when a court can

consider a motion to compel arbitration pursuant to a Rule 12(b)(6) standard without ordering discovery, and when it must consider such a motion under a Rule 56 standard after some discovery has concluded. The Third Circuit indicated that:

> a Rule 12(b)(6) standard is inappropriate when either [1] the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate, or [2] the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did.

716 F.3d 774 (3d Cir. 2013) (internal quotation marks omitted). If either of these two scenarios are in play, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. *Id.* at 774 (citing *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir. 2003)). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776. Under this standard, the court must determine whether a genuine dispute of material fact remains regarding whether the parties agreed to arbitrate. *Id.* at 780.

### III. DISCUSSION

The parties in this case disagree as to whether a valid agreement to arbitrate exists: Experian contends that Plaintiff agreed to arbitrate this dispute by accepting the CreditWorks Terms of Use Agreement; Plaintiff, on the other hand, does not recall ever receiving the arbitration agreement and argues that Defendant has failed to submit sufficient evidence demonstrating that she agreed to arbitrate the claims at issue in this dispute. (*See, e.g.*, Pl.'s Opp'n Br. 2, ECF No. 9 (asserting that "none of the claims in this case have anything [] to do with [Plaintiff's] CreditWorks membership, or the agreement relating to that membership").) According to Plaintiff, the Court must decide this Motion pursuant to a Rule 56 standard after it allows her to pursue discovery on

4

whether a valid agreement to arbitrate exists. (Pl.'s Opp'n Br. 3) Not surprisingly, Experian argues that the Court should decide the Motion without first affording Plaintiff the opportunity for discovery. (Def.'s Reply Br. 2-3, ECF No. 10.)

Plaintiff's Complaint makes no reference to the CreditWorks arbitration agreement; it does not attach the agreement as an exhibit; and it does not base the claims on the existence of the agreement. (*See generally* Compl.); *see also Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015) (granting discovery under *Guidotti* where the plaintiff's complaint failed to reference or attach the purported arbitration agreement as an exhibit); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face an agreement to arbitrate); *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); *Hughes v. Kolaras*, No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013).

The Court recently ruled on this very issue, as raised by Plaintiff in opposing this Motion, in *Kisciras v. Experian Information Solutions, Inc.*, No. 23-776, 2023 WL 4947374, at *1 (D.N.J. Aug. 3, 2023), which involved an identical Motion to Compel Arbitration that was filed by Experian. Like this case, the plaintiff in *Kisciras* filed a complaint against Experian for violations under the FCRA, 15 U.S.C. § 161e(b) and § 1681i. *Id.* Experian, represented by the same counsel here, filed a motion to compel arbitration that was predicated on the plaintiff's CreditWorks membership. *Id.* at *2; (*see also* Pl.'s Opp'n Br., Ex. A.) Faced with the same set of facts, the Court determined that "[t]he existence of an arbitration agreement is not referenced in the [c]omplaint but is raised for the first time in [the] [d]efendant's motion." *Kisciras*, 2023 WL 4947374, at *2.

5

The Court therefore denied the motion to compel arbitration without prejudice, and "order[ed] the parties to conduct limited discovery on the issue of arbitrability within 45 days." *Id.* at *3.

As in *Kisciras*, Plaintiff's Complaint does not reference an arbitration clause, nor does it establish on its face that the parties agreed to arbitrate the claims presented here. (*See* Compl.) Given that the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, the Court does not apply a Rule 12(b)(6) standard in deciding the instant motion. *Guidotti*, 716 F.3d at 774. As the Third Circuit mandated in *Guidotti*, under these circumstances, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id.* (emphasis added). The Court therefore denies Experian's motion without prejudice to afford the parties the opportunity to engage in limited discovery on the issue of arbitrability. The parties shall engage in limited discovery on the issue of arbitrability within 60 days. Experian may thereafter file a renewed motion to compel arbitration to be reviewed pursuant to the Rule 56 standard.

## IV.   CONCLUSION

For the foregoing reasons, Experian's motion to compel arbitration is denied without prejudice. The parties are to engage in discovery on the narrow issue of whether an agreement to arbitrate exists. Discovery shall be concluded no later than **December 15, 2023**. Experian is permitted to re-file its motion following the completion of limited discovery.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE