**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MEGHAN YOUNG, *individually and on behalf of all others similarly situated,*

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Civil Action No. 23-3312 (MAS) (RLS)

**MEMORANDUM ORDER**

---

This matter comes before the Court upon Plaintiff Meghan Young's ("Plaintiff") Motion to Vacate Stay and Reopen the Case. (ECF No. 21-1.) Defendant Experian Information Solutions, Inc. ("Defendant") filed a Notice of Non-Opposition to Plaintiff's Motion. (ECF No. 24.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

The parties are familiar with the factual background and procedural history of this matter, and the Court, therefore, only recites those facts necessary to resolve the instant motion. In June 2023, Plaintiff initiated the action by filing a Complaint against Defendant alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"). (*See generally* Compl., ECF No. 1.) In July 2023, Defendant moved to compel arbitration and stay the action (Mot. to Compel, ECF No. 8) based on a separate CreditWorks Terms of Use Agreement between the parties, arguing that: "(1) a valid agreement to arbitrate exist[ed]; and (2) the arbitration agreement encompasse[d] the claims at issue" (Def.'s Moving Br. for Mot. to Compel 3, 6, ECF No. 8-1 (citation omitted)). The Court denied Defendant's motion without prejudice and directed the parties to "engage in

discovery on the narrow issue of whether an agreement to arbitrate exits." (Oct. 23, 2023, Order, ECF No. 12; Oct. 23, 2023, Mem. Op. 6, ECF No. 13.) Defendant appealed. (*See generally* Notice of App., ECF No. 11.) The Third Circuit vacated this Court's decision and remanded, finding that Plaintiff had to challenge the applicability of the CreditWorks Terms of Use Agreement's arbitration clause before an arbitrator, not in front of the Court. *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 321-22 (3d Cir. 2024). This Court subsequently issued an Order implementing the Third Circuit's judgment and granting Defendant's motion to compel arbitration and stay the matter. (*See generally* Order Granting Mot. to Compel, ECF No. 20.) The parties attended arbitration, where the arbitrator found that "the claim was not subject to arbitration and dismissed the arbitration." (Pl.'s Mot. to Vacate ¶ 6, ECF No. 21.) Plaintiff then filed the present Motion to Vacate Stay and Reopen the Case. (*See generally id.*) Defendant filed a Notice of Non-Opposition to Plaintiff's Motion, stating that Defendant "agrees that it is appropriate for proceedings to resume in this Court." (Def.'s Not. of Non-Opp'n 1, ECF No. 24.)

Considering that the Court still holds jurisdiction over the proceedings,[1] *see Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 246, 248 (3d Cir. 2013) (noting that the Court "act[s] as a judicial backstop in the event that the arbitration" does not go forward successfully and that "it often makes sense for the parties to return to a judge who is already familiar with the case" after problems arise in arbitration), and because both parties agree that the Court should vacate the stay and reopen the case, the Court finds it appropriate to grant Plaintiff's motion.

---

[1] The Court has subject matter jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

Based on the foregoing,

**IT IS**, on this _2nd_ day of _March_ 2026, **ORDERED** as follows:

1.      Plaintiff's Motion to Vacate Stay and Reopen the Case (ECF No. 21) is

**GRANTED**.

2.      Defendant shall have **thirty (30) days** from the date of this Memorandum Order to

answer or otherwise respond to Plaintiff's Complaint (ECF No. 1).

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3