**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MEGHAN YOUNG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Civil Action No. 23-3312 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Strike and Deny Plaintiff Meghan Young's ("Plaintiff") Class Certification, or in the Alternative, Motion for Partial Summary Judgment (the "Motion to Strike"). (ECF No. 31.) Plaintiff opposed (ECF No. 33), and Experian replied (ECF No. 36). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Experian's Motion to Strike.

# I. BACKGROUND

## A. Factual Background

Plaintiff initiated this action by filing a Complaint against Experian for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.* (Compl. ¶ 3, ECF No. 1.) The Complaint recites the following facts:

Experian is a consumer reporting agency (the "CRA") that assembles, evaluates, and disperses credit reports for its customers. (*Id.* ¶ 9.) "On or about February 16, 2023, Plaintiff reached out to a broker in an attempt to get qualified for a mortgage." (*Id.* ¶ 11.) After reviewing Plaintiff's report from various credit bureaus, Plaintiff was denied a mortgage. (*Id.* ¶ 12.) According to Plaintiff, Experian had reported since June 2021 that Plaintiff completely paid off Plaintiff's mortgage with 1st Gateway Mortgage. (*Id.* ¶ 15.) In March 2023, however, Experian reported that 1st Gateway Mortgage had initiated foreclosure proceedings against Plaintiff with respect to the mortgage. (*Id.* ¶ 12.)

Plaintiff thereafter downloaded Plaintiff's credit reports from both Equifax and Experian. (*Id.* ¶ 17.) Both credit reports indicated that Plaintiff's mortgage with 1st Gateway Mortgage was paid off—however, the Equifax report correctly confirmed that Plaintiff's mortgage was paid off as of June 2021, while Experian reported the mortgage as paid off, but flagged Plaintiff's report with an "FS" marking in March 2023. (*Id.* ¶ 17.) Experian's glossary indicates that FS stands for "[f]oreclosure proceedings started." (*Id.* ¶ 18.) This information in Experian's report, however, was false—Plaintiff was not in foreclosure and Plaintiff's mortgage with 1st Gateway Mortgage was paid off two years prior. (*See id.* ¶¶ 13-15.)

According to Experian, Plaintiff signed up for a CreditWorks membership on April 4, 2023, by completing a single webform and accepting the Terms of Use Agreement ("TOU"), which contained an arbitration agreement. (David Williams Decl. ("Williams Decl.") ¶¶ 3-6, ECF No. 8-2.) The TOU provides for "DISPUTE RESOLUTION BY BINDING ARBITRATION" and, under that heading, states in relevant part that:

> WE EACH AGREE TO RESOLVE . . . DISPUTES THROUGH BINDING ARBITRATION OR SMALL CLAIMS COURT INSTEAD OF IN COURTS OF GENERAL JURISDICTION TO THE FULLEST EXTENT PERMITTED BY LAW.

> ARBITRATION IS MORE INFORMAL THAN A LAWSUIT IN COURT. ARBITRATION USES A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY, ALLOWS FOR MORE LIMITED DISCOVERY THAN IN COURT, AND IS SUBJECT TO VERY LIMITED REVIEW BY COURTS. ARBITRATORS CAN AWARD THE SAME DAMAGES AND RELIEF THAT A COURT CAN AWARD. **ANY ARBITRATION UNDER THIS AGREEMENT WILL TAKE PLACE ON AN INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT PERMITTED.** [EXPERIAN] WILL PAY ALL COSTS OF ARBITRATION, NO MATTER WHO WINS, SO LONG AS YOUR CLAIM IS NOT FRIVOLOUS. HOWEVER, IN ARBITRATION, BOTH YOU AND [EXPERIAN] WILL BE ENTITLED TO RECOVER ATTORNEYS' FEES FROM THE OTHER PARTY TO THE SAME EXTENT AS YOU WOULD BE ALLOWED IN COURT.
>
> . . .
>
> Arbitration Agreement:
>
> . . .
>
> Notwithstanding the foregoing, either party may bring an individual action in small claims court. You agree that, by entering into this Agreement, you and [Experian] are each **waiving the right to a trial by jury or to participate in a class action to the maximum extent permitted by law**. This Agreement evidences a transaction in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this arbitration provision. This arbitration provision shall survive termination of this Agreement.
>
> . . .
>
> YOU AND [EXPERIAN] AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.

(Ex. 2 to David Williams Decl. (the "TOU") *14-15, 15-16, 17, ECF No. 8-2 (emphases added).)[1]

---

[1] Page numbers preceded by an asterisk denote the number atop the ECF header.

In her Complaint, Plaintiff claims that Experian: (1) willfully and/or negligently refused to assure the accuracy of credit reports as prescribed under section 1681e(b) of the FCRA; (2) failed to prevent "inaccurate and damaging logical inconsistencies [from appearing] on consumers' reports"; and (3) willfully and/or negligently disregarded consumer's rights as set forth under section 1681e of the FCRA. (Compl. ¶¶ 20-21, 23-24.) Pursuant to Federal Rule of Civil Procedure[2] 23, Plaintiff brings this action on behalf of herself, and all others similarly situated for whom, beginning two years prior to the filing of this Complaint, "Experian furnished a credit report containing a 'foreclosure proceedings started' status on a mortgage account that [had] previously [been] reported as paid off." (*Id.* ¶¶ 29-30.) Plaintiff's Complaint brings one Count: failure to assure maximum possible accuracy in violation of the FCRA, 15 U.S.C. § 1681e(b). (*Id.* ¶¶ 39-46.)

**B. Procedural Background**

Plaintiff initiated this action in June 2023. (*See generally id.*) In July 2023, Experian moved to compel arbitration and stay the action based on the TOU. (Mot. to Compel, ECF No. 8.) The Court denied Experian's motion without prejudice and directed the parties to "engage in discovery on the narrow issue of whether an agreement to arbitrate exists." (Oct. 23, 2023, Mem. Op. 6, ECF No. 11; Oct. 23, 2023, Order, ECF No. 12.) Experian appealed. (*See generally* Notice of App., ECF No. 13.)

The Third Circuit vacated this Court's decision and remanded, finding that Plaintiff had to challenge the applicability of the TOU's arbitration clause before an arbitrator, not in front of the Court. (3d Cir. Op. 16-18, ECF No. 16-1.) This Court subsequently issued an Order implementing the Third Circuit's judgment and granting Experian's motion to compel arbitration and stay the

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

matter. (*See generally* Order Granting Mot. to Compel, ECF No. 20.) The parties attended arbitration, where the arbitrator found that "[t]he actions alleged in the complaint . . . occurred . . . outside the scope of, and did not arise from, the" TOU because "the actions and services that occurred or were provided were prior to the [TOU agreement]." (Ex. A to Pl.'s Opp'n Br. (the "Arbitrator's Decision") 2, ECF No. 33-1.) Plaintiff then filed a Motion to Vacate Stay and Reopen the Case, which this Court granted. (Mot. to Vacate, ECF No. 21-1; Mar. 2026 Mem. Order, ECF No. 28.)

Experian thereafter filed the instant Motion to Strike. (Def.'s Mot. to Strike, ECF No. 31.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 33), and Experian replied (Def.'s Reply, ECF No. 36).

## II. LEGAL STANDARD

### A. Motion to Strike Class Allegations or Deny Class Certification

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quotation marks omitted). "To invoke this exception, every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012) (citing Fed. R. Civ. P. 23(a)-(b)).

To satisfy Rule 23(a), (1) the class must be "'so numerous that joinder of all members is impracticable' (numerosity); (2) there must be 'questions of law or fact common to the class' (commonality); (3) 'the claims or defenses of the representative parties' must be 'typical of the claims or defenses of the class' (typicality); and (4) the named plaintiffs must 'fairly and adequately protect the interests of the class' (adequacy of representation, or simply adequacy)." *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 291 (3d Cir. 2010) (quoting Fed. R. Civ. P. 23(a)(1)-(4)).

Rule 23(b) permits class certification if: (1) separate actions would create a risk of inconsistent adjudications; (2) injunctive or declaratory relief is sought; or (3) common questions predominate over the individual questions and a class action is superior to other methods of bringing the suit. Fed. R. Civ. P. 23(b). Rule 23(b)(3) requires that common class questions predominate over questions affecting only individual members and that the class action mechanism be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

Although class certification typically follows discovery, courts may strike class allegations at the pleading stage where it is clear from the face of the complaint that the requirements of Rule 23 cannot be satisfied as a matter of law. *See Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015). Rule 12(f) permits courts to strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading, and Rule 23(c)(1) requires courts to determine "[a]t an early practicable time" whether a proposed class satisfies class certification requirements. Fed. R. Civ. P. 12(f), 23(c)(1).

Whether to grant a motion to strike is reserved to the discretion of the district court. *Krisa v. Equitable Life Assurance Soc'y*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (citation omitted). A district court may strike class action allegations without permitting discovery or waiting for a certification motion where the complaint and any affidavits clearly demonstrate that the plaintiff cannot meet the requirements for a class action. *See Zarichny*, 80 F. Supp. 3d at 615; *Semenko v. Wendy's Int'l, Inc.*, No. 12-0836, 2013 WL 1568407, at *11 (W.D. Pa. Apr. 12, 2013).

**B. Motion for Partial Summary Judgment**

Rule 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine disputes of material fact exist). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . 'there can be no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a summary judgment motion, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial.

*Anderson*, 477 U.S. at 249-50. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III. DISCUSSION

Plaintiff brings forth class allegations on behalf of "[a]ll natural persons residing in the United States on whom, beginning two years prior to the filing of this Complaint . . . , Experian furnished a credit report containing a 'foreclosure proceedings started' status on a mortgage account that had previously been reported as paid off." (Compl. ¶ 30.) Although Plaintiff has yet to move for class certification, Experian argues that the Court should strike the class allegations or deny class certification because, by agreeing to the TOU, Plaintiff waived the right to bring class allegations on behalf of a putative class. (Def.'s Moving Br. 5-10, ECF No. 31-1.) In the alternative, Experian argues that it should be granted partial summary judgment on Plaintiff's class allegations. (*Id.* at 10-11.) The Court addresses each of Experian's arguments in turn.

### A. Experian's Motion to Strike

Here, Plaintiff has yet to move for class certification and discovery has not taken place. At this stage in the proceedings, the Court finds that Plaintiff has pled sufficient facts to satisfy Rule 23(a) and Rule 23(b) and, as such, the Court will address Plaintiff's class action certification on a motion for class certification made under Rule 23(c) after Plaintiff is given an opportunity to conduct discovery on class action status. *See Ehrhart v. Synthes (USA)*, No. 07-1237, 2007 WL 4591276, at *4 (D.N.J. Dec. 28, 2007).

The Court finds that it is not clear from the face of the Complaint that the requirements of Rule 23 cannot be satisfied as a matter of law, and the Court therefore denies Experian's Motion to Strike as premature. *See Mangar v. Amazon.com Servs. LLC*, No. 24-0188, 2024 WL 5244667, at *7 (D.N.J. Dec. 28, 2024) (denying defendant's motion to strike class allegations where it was "not apparent from the allegations before the court that the requirements for maintaining a class action cannot be met" (citation modified)); *Sisolak v. Ford Motor Co.*, No. 18-11821, 2019 WL 3503057, at *5 n.5 (D.N.J. July 31, 2019) (denying defendant's motion to strike as premature and determining that "the class certification analysis [was] more appropriate for a later stage of the litigation"); *Duzanson-Baptiste v. Bank of Am. Corp.*, No. 23-2417, 2024 WL 168281, at *4 (D.N.J. Jan. 16, 2024) ("Dismissal of class claims prior to discovery and a motion to certify the class by [a] plaintiff is the exception rather than the rule.").

**B. Experian's Motion for Partial Summary Judgment**

The Court, moreover, finds that based on the timing of when Plaintiff agreed to the TOU, there is at least a dispute as to whether the class action waiver, which is embedded in the arbitration agreement, applies to this matter. New Jersey[3] has a "strong public policy in favor of the freedom to contract, [which is] limited only in those circumstances where a contract would otherwise violate public policy." *Pace v. Hamilton Cove*, 317 A.3d 477, 487 (N.J. 2024) (citation modified) (quoting *Boyle v. Huff*, 314 A.3d 793, 802 (N.J. 2024)). New Jersey law also recognizes that "[c]lass actions . . . further other policy goals, such as judicial economy, cost-effectiveness, convenience, consistent treatment of class members, protection of defendants from inconsistent obligations, and allocation of litigation costs among numerous, similarly-situated litigants." *Id.* at

[3] The parties do not dispute that New Jersey law applies. (*See, e.g.*, Def.'s Moving Br. 5 (citing New Jersey Case Law); Pl.'s Opp'n Br. 4-5 (same).)

486 (citation modified) (citation omitted). "[T]he right to proceed as a class action[, however,] may be waived in an arbitration agreement." *Cerciello v. Salerno Duane, Inc.*, 279 A.3d 1168, 1173 (N.J. Super. Ct. App. Div. 2022).

Here, there is no dispute that Plaintiff entered into a valid arbitration agreement when Plaintiff agreed to the TOU. (*See* 3d Cir. Op. 15 (explaining that "[t]here is no factual dispute about the existence of the agreement to arbitrate" because "[n]o one denies that [Plaintiff and Experian] entered into the agreement or that it is valid").) That arbitration agreement contains the class action waiver language within it. (*See generally* TOU.) As the arbitrator in this matter determined, however, Plaintiff did not enter into this agreement until *after* the events that form the basis of Plaintiff's Complaint took place. (*See* Compl. ¶ 11 ("On or about February 16, 2023, Plaintiff reached out to a broker in an attempt to get qualified for a mortgage."), *id.* ¶ 12 (alleging that Plaintiff was denied a mortgage because Experian reported that 1st Gateway Mortgage had initiated foreclosure proceedings against Plaintiff in March 2023), *id.* ¶ 15 (alleging that Experian had reported since June 2021 that Plaintiff completely paid off her mortgage with 1st Gateway Mortgage).) Plaintiff specifically alleges that the inaccuracy that Experian reported on Plaintiff's credit report took place in March 2023. (*Id.* ¶ 16.) Plaintiff, however, did not enter into the TOU until April of 2023. (Williams Decl. ¶¶ 3-6.) Plaintiff's class allegations, moreover, allege a class period dating back to 2021, nearly two years before Plaintiff agreed to the TOU. (Compl. ¶ 30.)

Further, all references to waiving the right to participate in a class action are contained within the arbitration agreement itself under the heading titled: "DISPUTE RESOLUTION BY BINDING ARBITRATION". (*See generally* TOU.) As discussed above, the arbitrator already decided that Plaintiff's claims were not subject to the arbitration agreement. (*See generally*

Arbitrator's Decision.) Here, there appears to be no separate and distinct class action waiver. (*See generally* TOU.)

Because the class action waiver is a part of the arbitration agreement and Plaintiff's allegations are predicated on actions that took place *before* Plaintiff entered into the arbitration agreement, the Court finds that summary judgment on Plaintiff's class allegations is inappropriate at this stage. *See Robinson v. Virginia Coll., LLC*, 788 F. App'x 697, 701 (11th Cir. 2019) (finding that where plaintiff's complaint was "not subject to arbitration" under the parties' arbitration agreement, that agreement's "class action waiver d[id] not govern th[e] dispute"); *cf. Erasmus v. LegalZoom.com, Inc.*, No. 24-7831, 2025 WL 1122237, at *8 (D.N.J. Apr. 15, 2025) (finding that where a plaintiff's "claims are within the scope" of a valid arbitration agreement, "the waiver on class actions . . . contained therein is enforceable").

The Court, accordingly, denies Experian's alternative request for partial summary judgment.

## IV. CONCLUSION

For the reasons set forth herein, Experian's Motion to Strike is denied. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 2, 2026